James C. Van Siclen, Off. Ref.
In the month of August, 1956, the plaintiff instituted this action for a separation based upon cruelty, abandonment and failure to support the plaintiff and the two infant issue of the marriage. Process was served upon the defendant husband in Dallas, Texas, where he was then employed and residing. In an answer, verified September 1, 1956, the defendant, appearing by a Texas attorney, denied the material allegations of the complaint. By way of an affirmative defense he alleged that the issues of abandonment and support, as pleaded in the complaint, were adjudicated by a judgment entered in the District Court of Dallas County, State of Texas, on the 5th of April, 1956, in an action brought by the plaintiff against the defendant by petition filed January 30,1956, and that said District Court of Dallas County retained jurisdiction of the parties to this action for the purpose of enforcing the judgment entered therein. By way of a second defense and counterclaim, the defendant sought a judgment of *580 separation in Ms favor by reason of the plaintiff’s alleged cruel and inhuman treatment of the defendant and conduct making it unsafe and improper for him to live and cohabit with her.
On October 16, 1956, the defendant commenced an action for divorce against the plaintiff in the 68th Judicial District Court in and for Dallas County, Texas, in wMch service of process was made upon the plaintiff herein in the State of New York. The plaintiff by an attorney, objected to the jurisdiction of the Texas court of the subject matter of that action upon the grounds that the domicile of the parties was in New York; that valid service of process could not be made outside of the State of Texas and, further, that the instant action commenced by herself against her husband was then pending in this court. The District Court of Texas overruled and dismissed the foregoing objections and subsequently granted the defendant a decree of divorce against the plaintiff when she failed to answer the complaint on the merits.
In the meantime, the plaintiff herein moved for temporary alimony and counsel fees in this action and served the motion papers therein upon the Texas attorney who had interposed an answer on behalf of the defendant, whereupon the defendant appeared in opposition by New York attorneys. An order, dated February 14, 1957, resulted, referring the question of alimony to the trial court and allowing a counsel fee in the sum of $250 without prejudice to a further application to the trial court.
Upon the trial of this action the defendant, by his New York attorneys, contends that the decree of divorce entered in his favor in the courts of the State-of Texas must be given full faith and credit since the question of jurisdiction was litigated by the rendering court upon the plaintiff’s objection to its jurisdiction as already described.
The documentary evidence now before this court establishes beyond peradventure of doubt that when the defendant instituted his action for divorce in the Texas court against the plaintiff herein, by service of process upon her in this State, she contested the jurisdiction of that court over the subject matter of the action. Such an objection results in a general appearance even if denominated as a special appearance. Otherwise, as was stated by Judge Van Voobhis, then an Associate Justice of the Appellate Division, First Department, “ husbands or wives could appear in courts of other States for the purpose of contesting the domicile of their adversaries without being bound by the judgment which, under the Federal Constitution, *581 is entitled to full faith and credit in this State (Henricks v. Henricks, 275 App. Div. 642, 643, affd. 301 N. Y. 626.)
Plaintiff argues, however, that she and her children are entitled to maintenance and support in this action no matter how the court finds with respect to the effect of the Texas decree of divorce in view of the provisions of section 1170-b of the Civil Practice Act, which have been upheld by the Court of Appeals in Vanderbilt v. Vanderbilt (1 N Y 2d 342). It is indeed true that this statute vests the court with discretionary power to provide maintenance of the wife when her action in this State for divorce, separation, annulment or a declaration of the nullity of a void marriage, is defeated by reason of a finding in such action that the relief therein sought had previously been validly granted in favor of the husband in an action in which personal jurisdiction over the wife was not obtained. Here, however, personal jurisdiction of the plaintiff was obtained by reason of her unsuccessful effort to have the Texas action dismissed for lack of jurisdiction. Consequently, her case does not come within the ambit of the provisions of section 1170-b.
Because of the subsisting decree of divorce in favor of the defendant the plaintiff’s complaint is dismissed as is also the purported counterclaim asserted in the answer of the defendant’s Texas attorney. This disposition, of course, is without prejudice to such other remedies with respect to the support of the plaintiff and the children as may be available, not excluding the reciprocal uniform support law, pursuant to which the Juvenile Court of Dallas County of the State of Texas made an order, on consent of the defendant, directing him to pay to the plaintiff the sum of $50 per week commencing April 13, 1956, for her support and the support of the two children.
Settle findings and judgment on five days’ notice.